# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1999 SESSION

FILED

February 29, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No.M1998-00006-CCA-R3-CD |
| Appellee, | ) | **C.C.A. NO. 01C01-9809-CR-00387** |
| | ) | |
| VS. | ) | **DAVIDSON COUNTY** |
| | ) | |
| **MARCELLA I. MEALER,** | ) | **HON. FRANK G. CLEMENT, JR.,** |
| | ) | **JUDGE** |
| Appellant. | ) | |
| | ) | (DUI; Driving on revoked license) |

FOR THE APPELLANT:

**JUSTIN JOHNSON**
203 Second Ave. N.
P.O. Box 190582
Nashville, TN  37219-0582

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**LUCIAN D. GEISE**
Asst. Attorney General
425 Fifth Ave., N.
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**BERNARD MCEVOY**
Asst. District Attorney General
Washington Square, Suite 500
222 Second Ave., N.
Nashville, TN  37201

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Special Judge

# O P I N I O N

Defendant was indicted for driving on a revoked license (DORL) and driving under the influence (DUI), third offense. Defendant pled guilty to DORL, and a jury convicted her of DUI, second offense.[1] The trial court then sentenced defendant on the DORL offense to six months in the county jail at seventy percent followed by six months probation, concurrent with the DUI sentence. For the DUI conviction, the trial court sentenced defendant to eleven months, twenty-nine days in the county jail, suspended after service of one hundred fifty days, and eleven months, twenty-nine days probation. The trial court also fined defendant six hundred dollars ($600) on the DUI offense. On this direct appeal, defendant challenges the trial court's denial of her request for a continuance, and the sufficiency of the evidence. Upon our review of the record, we affirm the judgment of the trial court.

## FACTS

At approximately 2:00 a.m. on March 30, 1997, Officer Dan Whitley was headed toward Nashville on Murfreesboro Road. He testified that he had been driving continuously since about 1:30 a.m, when defendant pulled out in front of him from a parking lot, making a left turn. Officer Whitley had to brake and swerve to avoid a collision. Defendant completed her turn and proceeded outbound on Murfreesboro Road. Officer Whitley made a U-turn, turned on his blue lights, and pulled in behind defendant. She pulled over into a paved parking lot and stopped. Officer Whitley stopped behind her at 2:05 a.m.

Officer Whitley approached the driver's side of defendant's vehicle. He testified that her face "was really flushed, and her speech was slurred." He smelled a strong odor of alcohol from the cab of the vehicle. When defendant stepped out, she was unsteady and had trouble keeping her balance. According to Officer Whitley, defendant had also urinated on herself.

Defendant attempted to perform two sobriety tests: the walk and turn, and the one-leg stand. On the walk and turn, she could not keep her balance, missed touching her heel to her toe, stepped off the line, and raised her arms. On the one-leg stand, defendant put her foot down several times, raised her arms, and hopped. Defendant was also uncooperative and belligerent, and Officer Whitley smelled a

---

[1] Although defendant was indicted for DUI, third offense, she and the State stipulated that her conviction would be for second offense.

2

strong odor of alcohol from her mouth. Officer Whitley concluded that defendant was "highly intoxicated," and arrested her for DUI. He took defendant down to the station, where she refused to take the Breathalyzer test.

Michael Jason Orsbon, who administered Breathalyzer tests, observed defendant at the station for approximately twenty minutes. He testified that she had been "very uncooperative," had had bloodshot eyes, slurred speech, and smelled heavily of alcohol. He testified that, in his opinion, she had been "very intoxicated."

Defendant testified that she co-owned Lanny's Restaurant and Lounge with her husband, and that she had been working there since 11:00 the previous morning. She closed up at 10:00 p.m. and spent the next four hours cleaning. She had two bottles of beer while cleaning, she testified. She denied having urinated on herself, and explained that she kept a damp towel tucked into the front waistband of her pants while she cleaned. She denied having been intoxicated and explained her inability to perform the sobriety tests on her brand new shoes and her exhaustion. She testified that she refused to take the Breathalyzer test because she had read in the newspaper that the results were inaccurate. She also testified that she had not pulled out in front of Officer Whitley, but that he had been parked in a nearby lot when she left her business. She acknowledged that Officer Whitley had been professional and courteous, and claimed that she had not been angry, only upset because he had her car towed.

Officer Whitley's patrol car was equipped with a tachymeter which recorded when the car was moving and when it was stopped. Officer Stanton Goad examined the tachygraph generated by the tachymeter from Officer Whitley's car on the night in question. He testified that, based on the tachygraph, Officer Whitley's car had stopped twice between 1:55 a.m. and 2:05 a.m., but that it had been moving for two minutes prior to his stopping defendant. He further testified that defendant's claim that Officer Whitley had been parked immediately prior to pulling her over was inconsistent with the tachygraph.

**ANALYSIS**

On the morning of trial, defendant filed a motion for continuance because Officer Goad had declined to meet with her counsel five days earlier, as had been previously arranged, to discuss the tachygraph. Officer Goad had explained to defense counsel on the meeting date that, pursuant to

3

department policy, he could not discuss the tachygraph and defense counsel would have to take it to a private consultant for interpretation. Defendant contends that this move by the police department was a surprise and did not give her enough time to hire a private consultant. Accordingly, she argues, the trial court should have granted her motion for a continuance, and she was prejudiced by the trial court's failure to do so. The trial court, she contends, abused its discretion in denying her motion, and she is therefore entitled to a new trial.

"A continuance is a matter which rests within the sound discretion of the trial court and its discretion will not be disturbed absent a clear showing of prejudice to the defendant." State v. Robinson, 971 S.W.2d 30, 42 (Tenn. Crim. App. 1997). In order to reverse the judgment of the trial judge, we must be convinced that the defendant "did not have a fair trial and that a different result would or might reasonably have been reached had there been a different disposition of the application for a continuance." Baxter v. State, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973).

Here, defendant was able to establish at trial through her cross-examination of Officer Goad that Officer Whitley had not been driving "continuously" between 1:30 that morning and the time he pulled defendant over. That is, Officer Goad's testimony based on the tachygraph established that Officer Whitley had in fact stopped several times during the relevant time period, including twice between 1:55 and 2:05. Thus, defendant was able to attack Officer Whitley's credibility through Officer Goad. Defendant has failed to demonstrate how a private consultant would have further damaged Officer Whitley's credibility, or otherwise assisted her case. She did not offer the testimony of such a consultant at her motion for new trial, although she could have. See Tenn. R. Crim. P. 33(c) ("The court may in its discretion allow testimony in open court on issue raised in the motion for a new trial."). Defendant has failed to establish how she was prejudiced by the trial court's denial of her motion for a continuance, and this issue is therefore without merit.

Defendant also challenges the sufficiency of the evidence supporting her DUI conviction. When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d

4

560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A defendant may be convicted of DUI when it is proven beyond a reasonable doubt that he or she drove his or her vehicle on any public road, highway or street while under the influence of an intoxicant. See T.C.A. § 55-10-401(a)(1). The uncontroverted proof in this case established that defendant was driving her vehicle on Murfreesboro Road when Officer Whitley pulled her over. Thus, the only issue for us to determine is whether the proof is sufficient to support the jury's finding that defendant was driving while under the influence of an intoxicant.

At the time he stopped defendant, Officer Whitley testified, her speech was slurred; she was unsteady on her feet; there was a strong smell of alcohol on her breath; and she had urinated on herself. She was unable to perform two field sobriety tests. She was uncooperative and belligerent. Officer Whitley concluded that defendant was "highly intoxicated." At the station approximately an hour later, Orsbon observed the defendant for a significant period of time and formed the same opinion, based on the same factors. Defendant admitted that she had been drinking prior to leaving her place of business. This evidence is more than sufficient to support the jury's verdict that defendant was driving while under the influence of an intoxicant. This issue is without merit.

5

The judgment of the trial court is affirmed.


_____
JOHN H. PEAY, Special Judge


CONCUR:


_____
GARY R. WADE, Presiding judge


_____
NORMA MCGEE OGLE, Judge