IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 20, 2001

## STATE OF TENNESSEE v. JEFFREY MCMAHAN

**Appeal from the Circuit Court for Sevier County**
**No. 7014     Richard R. Vance, Judge**

**No. E2000-01603-CCA-R3-CD**
**April 5, 2001**

The Defendant was convicted of DUI, fourth offense.  He appeals, contending that the evidence is insufficient to support his conviction.  We affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Edward C. Miller, Public Defender, Dandridge, Tennessee, for the appellant, Jeffrey McMahan.

Paul G. Summers, Attorney General and Reporter; Glen C. Watson, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General, and Steven Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Jeffery R. McMahan, was convicted by a jury of driving under the influence of an intoxicant (DUI), fourth offense.[1]  The trial court sentenced the Defendant to eleven months, twenty-nine days in jail, suspended upon the service of one hundred eighty days, with the balance of his sentence to be served on probation.  In this direct appeal, the Defendant contends that the evidence is insufficient to support his conviction.  We disagree and affirm the judgment of the trial court.

We have not been supplied a transcript of the trial of this matter, but have instead been provided a "Statement of Evidence."  According to this document, Officer Graham Owenby of the Sevierville Police Department responded to a "domestic violence" call at a Food Lion grocery store. He discovered the Defendant, who was the subject of the "domestic violence" call, sitting behind the wheel of his automobile while it was parked in the grocery store parking lot.  The engine was

---

[1] See Tenn. Code Ann. § 55-10-401 (a)(1).

running. The Defendant admitted to Officer Owenby that he had consumed a six-pack of beer. Officer Owenby had the Defendant perform two field sobriety tests: the one-leg stand and the nine-step walk-and-turn. Officer Owenby testified that the Defendant performed poorly on both of these tests. However, Officer Owenby admitted that he did not score the tests with the point system with which officers are trained. Officer Terry Brain also observed the Defendant performing the field sobriety tests and concluded that the Defendant was intoxicated. Officer Brain was a twenty-year veteran of the Sevierville Police Department. Officer Brain testified that the Sevierville Police Department, after having concluded that it was not a good practice, did not score field sobriety tests using the point system. The Defendant was taken to the police station. He consented to a breath test and blew into the machine, but the result showed an insufficient sample.

The Defendant's wife, Jennifer McMahan, testified that she drove the automobile to the grocery store and went inside while the Defendant remained in the car. She said that she called the police because she was afraid to go home with the Defendant because she was afraid of his father. She denied that the Defendant was the subject of her "domestic violence" call. Ms. McMahan testified that the Defendant had drunk beer throughout the day but was not intoxicated because he had drunk alcohol most of his life and had built up a tolerance.

The Defendant also testified that his wife had driven them to the grocery store. While she was inside, the car's engine died. The Defendant opened the hood of the car, reconnected some wires, got behind the wheel, and started the engine. The police officer then arrived. The Defendant admitted drinking between six and eight beers over the course of the day, but maintained that he was in no way intoxicated.

A person commits the offense of DUI when he or she drives or is "in physical control" of an automobile upon any public roads, highways, streets, or "any other premises . . . generally frequented by the public at large, while: (1) [u]nder the influence of any intoxicant . . . ." Tenn. Code Ann. § 55-10-401(a). The Defendant contends that the evidence is insufficient to prove that he was under the influence of an intoxicant and in physical control of the vehicle. We respectfully disagree with the Defendant on both counts.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the state "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

We first address the issue of whether the proof is sufficient to support the jury's conclusion that the Defendant was under the influence of an intoxicant. The Defendant admitted having drunk six to eight beers prior to getting in the car. Two police officers witnessed the Defendant perform field sobriety tests and, based on the Defendant's admission of having drunk a six-pack and his poor performance on the field sobriety tests, concluded that the Defendant was intoxicated within the meaning of the DUI statute. The jury was entitled to reject the Defendant's and his wife's contentions that he was not intoxicated after having consumed over a six-pack of beer. This issue is without merit.

We now address the issue of whether the Defendant was "in physical control" of the car as contemplated by the DUI statute. We first note that "the danger to be alleviated by the statute is that of a driver who . . . because of physical control over the vehicle, [it] appears . . . will drive in the foreseeable future while still under the influence." State v. Carter, 889 S.W.2d 231, 234 (Tenn. Crim. App. 1994). Our supreme court has adopted a "totality of the circumstances" test in determining this element of a DUI offense:

> Thus, when the issue is the extent of the accused's activity necessary to constitute physical control, . . . the test allows the trier of fact to take into account all circumstances, i.e., the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise.

State v. Lawrence, 849 S.W.2d 761, 765 (Tenn. 1993).

In this case, it is undisputed that the Defendant was sitting in the driver's seat of the vehicle, that he had just started it after having performed some mechanical repairs, and that the engine was running. Clearly, the Defendant was capable of immediately placing the vehicle into motion, "to become a menace to the public and to its drunken operator." Id. That the Defendant had not yet put the vehicle into motion is irrelevant: "the Legislature, in making it a crime to be in physical control of an automobile while under the influence of an intoxicant, 'intended to enable the drunken driver

-3-

to be apprehended before he strikes.'" Id. (citation omitted). The evidence is sufficient to support the jury's finding that the Defendant was in physical control of the vehicle. This issue is therefore without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE