# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 20, 2001

## STATE OF TENNESSEE v. NOAH HAMILTON

**Direct Appeal from the Circuit Court for Monroe County**
**No. 99-021      Carroll Lee Ross, Judge**

---

**No. E2000-01018-CCA-R3-CD**
**May 18, 2001**

---

The defendant appeals and asserts that the evidence was insufficient to support his conviction of vandalism. Specifically, he contends that the State's evidence failed to prove the amount of damage beyond a reasonable doubt to establish a felony. After review, we hold that the trial court properly calculated the value of the amount of damages done by the defendant and that the evidence was sufficient to support the defendant's conviction for felony vandalism.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. JAMES CURWOOD WITT, JR., J., not participating.

Charles M. Corn, District Public Defender, for the appellant, Noah Hamilton.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Jon Chalmers Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Noah Hamilton, appeals his felony conviction for violation of Tennessee Code Annotated section 39-14-408, vandalism. He asserts that the evidence was insufficient to support a conviction for vandalism and that the trial court erred in determining the value of the amount of damages done to the victim's property. After review of the record, we hold that the evidence was sufficient to support the defendant's conviction for vandalism and that the trial court properly calculated the value of the amount of damages done by the defendant to make his conviction a Class D felony.

**Facts**

The defendant, Noah Hamilton, was indicted on March 4, 1999, by a Monroe County Grand Jury. He was indicted for "unlawfully, intentionally, or knowingly caus[ing] damage to or the destruction of personal property, to-wit: wheat field and fence, more than $1000 but less than $10,000 . . . in violation of T.C.A. 39-14-408." On March 3, 2000, after waiving a jury trial, the defendant was found guilty by the Monroe Circuit Court of vandalism over $1000 pursuant to Tennessee Code Annotated section 39-14-408. The court sentenced the defendant to two years probation conditional upon paying restitution of $2000.

The State's first witness was James Wall, a resident of Tellico Plains, who witnessed the defendant driving his white truck on the victim's property on February 11, 1999. Mr. Wall testified that the defendant drove through the victim's muddy field and left tracks in the soft farmland.

Kenneth Hamilton, farm manager for the victim, testified that upon arriving at the victim's farm the next day he discovered the damage that had been done to the property. Hamilton testified that he saw tire tracks leading through the broken fence and continuing throughout the field. He testified that in some places in the field the defendant's tire tracks appeared to form "doughnuts." He affirmed that the damage was in fact done to farmland.

Hamilton then testified as to the amount and manner of the damage. He detailed how the farm used a no-till system to grow soybeans. As a part of that system, the company first planted a wheat crop as a cover crop. This wheat crop is the one that was recently put into place at the time the defendant drove through the field. The purpose of this wheat crop was to prevent erosion and to retain moisture in the ground to eventually help produce a better soybean yield.

Hamilton testified that in order to restore the wheat crop to its status prior to the defendant's actions, the company was required to re-level and replant fifty (50) acres of farmland. This replanting of the fifty acres required four "tillage passes" per acre in order to maintain even growing times for the crops. Each one of these "tillage passes" cost the victim ten dollars per acre for a total expense of $2000. Although alleged in the indictment, the State failed to prove any damage to the broken fence.

The defendant then testified on his own behalf and admitted driving his truck on the victim's land. He claimed that he drove onto the land to get to a fishing spot and that he had been doing so for nearly fifteen years with permission. The defendant denied damaging the victim's land. He then claimed that he had permission from Ed Powers, who worked for the victim. However, Ed Powers did not testify at the trial.

At the conclusion of the trial, the defendant claimed that the State failed to prove the appropriate amount of damages for felony vandalism. He maintained, as he did throughout the trial, that because the appropriate amount of damages had not been legally proven, then under Tennessee Code Annotated section 39-11-106(a)(36)(C), the damage should be less than $50. Essentially, the

defendant maintained that the appropriate measure of damages should be the loss of market value.

The trial court found that the total amount of damages was $2000 and that the defendant was guilty of felony vandalism. Accordingly, the trial court sentenced the defendant to two (2) years probation conditioned upon paying $2000 restitution to the victim. The defendant appeals and asserts that the evidence was insufficient to support his conviction for felony vandalism and that the trial court used the incorrect measure in order to place a value on the amount of damages.

**Analysis**

When an accused challenges the sufficiency of the evidence, we review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this court substitute its inferences for those drawn by the trier of fact, "whether by the trial court or jury," from circumstantial evidence. Tenn. R. App. P. 13(e); Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). We are required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Tuttle, 914 S.W.2d at 932. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the trial court's verdict. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 913, 476 (Tenn. 1982).

Under Tennessee statutory law, the offense of vandalism is defined as follows:
Any person who knowingly causes damage to or the destruction of any real or personal property of another . . . knowing he does not have the owner's effective consent is guilty of an offense under this section.
Tenn. Code Ann. § 39-14-408(a). Damage is defined under this section as "[d]estroying, polluting, or contaminating property; or . . . causing pecuniary loss or substantial inconvenience to the owner or third person." Tenn. Code Ann. § 39-14-408(b)(1).

The evidence clearly showed that the defendant drove onto the victim's freshly planted wheat field and made several tracks throughout. By making these tracks in the wheat field, the defendant destroyed the victim's wheat crop, the replacing of which caused the victim a pecuniary loss and a substantial inconvenience. Therefore, the evidence was sufficient to support the defendant's

conviction of vandalism. Although the defendant asserts that he had permission to come onto the victim's land, the trial court obviously rejected the defendant's assertion. Furthermore, even if the defendant's assertion is correct, no evidence indicated that the defendant's permission to enter onto the victim's land extended to him driving through or damaging the wheat crop.

Embedded within the defendant's claim that the evidence was insufficient to support his conviction for felony vandalism is his assertion that the trial incorrectly calculated the value of the damages. In coming to the appropriate class of crime for vandalism, the "[a]cts of vandalism are to be valued according to the provisions of § 39-11-106(a)(36) and are to be valued as theft under § 39-14-105." Tenn. Code Ann. § 39-14-408(c)(1). Thus, if the damages are over $1000 but less that $10,000 then the defendant is guilty of a Class D felony. Tenn. Code Ann. § 39-14-105(3). The trial court concluded that the appropriate value of the amount of the victim's damages was $2000 and found the defendant guilty of Class D felony vandalism.

The defendant avers that application of Tennessee Code Annotated section 39-11-106(a)(36) requires the value of the amount of damages to be the reduction of the fair market value of the property and because there was no evidence of a reduction in the fair market value of the property, then the evidence was insufficient. The defendant fails to recognize that Tennessee Code Annotated section 39-11-106(a)(36)(A)(ii) further provides that "[i]f the fair market value of the property cannot be ascertained" then the value shall be established by "the cost of replacing the property within a reasonable time after the offense." In this case, the evidence showed that the cost of repairing the property to its status prior to the defendant's actions was $2000. We are cognizant of the fact that one might argue that such action to the property is considered repair and not replacement. However, implicit in most replacement of damaged property, whether real or personal, is the requirement for extra costs that could be considered repairs. Thus, we find no error in the trial court's conclusion that the value of the damage to the victim's property was $2000, sufficient to establish that the defendant's actions were a Class D felony.

### Conclusion

Because we conclude that the evidence at trial was sufficient to support the defendant's conviction for vandalism and the trial court properly calculated the amount of damages, we affirm the defendant's conviction.

_____
JOHN EVERETT WILLIAMS, JUDGE