IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. MACK A. O'BANER

**Appeal from the Criminal Court for Shelby County**
**No. 00-08230     Chris Craft, Judge**

———————————————

**No. W2001-00815-CCA-R3-CD - Filed March 15, 2002**

———————————————

The Defendant, Mack A. O'Baner, was convicted of first degree murder and sentenced to life imprisonment. On appeal, the Defendant contends that the evidence presented at trial is insufficient to support a finding of guilty of first degree murder beyond a reasonable doubt. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

A.C. Wharton, Jr., District Public Defender; Tony N. Brayton and W. Mark Ward, Assistant Public Defenders, Memphis, Tennessee, for the appellant, Mack A. O'Baner.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and W. Mark Ward, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In December of 1997, the Defendant married Cassaundra Mason, the victim in this case. One month later, they separated. They were divorced in April of 1998. Approximately a year later, the two resumed a casual romantic relationship. The victim worked at Corporate Express in Memphis, and around 2:00 p.m. on January 12, 2000, two of the victim's co-workers observed the Defendant circling through the company parking lot in his small black car prior to the victim's arrival.

When the victim arrived at work, she briefly conversed with co-workers and then went to retrieve something from her car. A few minutes later, several employees heard two quick gunshots followed by several more. Two witnesses ran to the parking lot and saw the victim lying injured on the pavement and a small black car slowly driving away. At 2:50 p.m., the Defendant entered the

East Precinct of the Memphis Police Department and informed officers that he "just shot [his] wife." When asked why he shot the victim, the Defendant replied:

> I came to a point that I had to make a decision and I made it. She knows what it's about and so do I. I feel sorry for people that are killed in car and plane crashes, but I don't feel sorry for Cassaundra.

The Defendant then told police that they would find the gun he used in his car which was parked outside of the station.

Dr. Cynthia Gardner, the Shelby County Medical Examiner, testified that the victim was shot eight times. Dr. Gardner stated that the bullets injured vital organs and caused massive bleeding which ultimately led to the victim's death. Tennessee Bureau of Investigation Officer Don Carmen testified that the bullets recovered from Ms. Mason's body were all fired from the gun found in the Defendant's car.

The Defendant contended at trial that he recently ended his relationship with the victim. He stated that Ms. Mason was angry with him due to his relationship with another woman. The Defendant testified that, on January 12 while the two were talking in the Corporate Express parking lot, Ms. Mason charged him while wielding a box cutter, and he shot her in self-defense. The Defendant further stated that he did not remember how many shots he fired at the victim. The Defendant never mentioned Ms. Mason's alleged aggression to the police, and no box cutter was found at the scene.

## SUFFICIENCY

The Defendant argues on appeal that the State failed to establish beyond a reasonable doubt that the killing of the victim was either intentional and premeditated as required for first degree premeditated murder,[1] or knowing, as required for second degree murder.[2] The Defendant requests that we modify his conviction from first degree murder to voluntary manslaughter. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn.

---

[1] See Tenn. Code Ann. § 39-13-202.

[2] See id. § 39-13-210.

1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. See Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

The Defendant was convicted of the "premeditated and intentional killing of" Cassaundra Mason. Tenn. Code Ann. § 39-13-202 (a)(1). "Premeditation" is

an act done after the exercise of reflection and judgment. "Premeditation" means that the intent to kill must have been formed prior to the act itself. It is not necessary that the purpose to kill pre-exist in the mind of the accused for any definite period of time.

Tenn. Code Ann. § 39-13-202 (d).

The proof established that the Defendant circled the Corporate Express parking lot looking for the victim. When he located the victim, he shot her eight times, and slowly drove from the parking lot. The Defendant then went to the police and informed them that he just shot his wife. When asked to provide a reason for the shooting, the Defendant stated that a "decision" had to be made, and he made it.

The element of premeditation is a question of fact to be determined by the jury and may be established by evidence of the circumstances surrounding the killing. See State v. Bland, 958 S.W.2d 651, 660 (Tenn. 1997); State v. Brown, 836 S.W.2d 530, 539 (Tenn. 1992). Relevant factors include "the use of a deadly weapon upon an unarmed victim; the particular cruelty of a killing; declarations by the defendant of an intent to kill; evidence of procurement of a weapon; preparations before the killing for concealment of the crime; and calmness immediately after the killing." See State v. Carruthers, 35 S.W.3d 516, 558 (Tenn. 2000).

We conclude that the circumstances surrounding this killing, including the Defendant's actions in circling the parking lot and shooting the victim eight times, along with his statement to the police, clearly show that the killing was done "after the exercise of reflection and judgment." Tenn. Code Ann. § 39-13-202 (d). The jury obviously rejected the Defendant's self-defense claim, and we are bound by that factual determination. See Morris, 24 S.W.3d at 795; Pappas, 754 S.W.2d

at 623. Accordingly, we find the evidence sufficient to support the Defendant's conviction for first degree murder beyond a reasonable doubt.

## CONCLUSION

After a thorough review of the record, we conclude that the evidence sufficiently supports the Defendant's conviction for first degree murder. The judgment of the trial court is AFFIRMED.

                                       _____

                                       DAVID H. WELLES, JUDGE