IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. DAVID L. BAKER

**Direct Appeal from the Criminal Court for Putnam County**
**No. 01-0118     John J. Maddux, Jr., Judge**

---

**No. M2001-02025-CCA-R3-CD - Filed November 26, 2002**

---

The defendant, David L. Baker, was convicted of driving under the influence, fourth offense, and sentenced to eleven months, twenty-nine days, with 210 days to be served in the county jail and the balance on supervised probation. He was ordered to pay a fine of $1100 and to complete an alcohol education safety program, and his driver's license was suspended for four years. He timely appealed, presenting as the single issue his claim that the evidence presented was insufficient to support the verdict. Following our review, we affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

David N. Brady, District Public Defender, and H. Marshall Judd, Assistant Public Defender, for the appellant, David L. Baker.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; William E. Gibson, District Attorney General; and Gary S. McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Officer Glen Ramsey of the Cookeville Police Department testified that on October 13, 2000, while on duty, he noticed a red and white pickup truck make a "very wide left turn," either hitting the sidewalk or coming close to doing so. Officer Ramsey pulled his vehicle behind the truck and observed that it was "very close, if not on, the center line." After following the truck for a distance, Officer Ramsey activated his blue lights to stop the truck, which then made a very wide right turn, completely taking up the oncoming lane. Officer Ramsey continued to follow the truck as it traveled on for a block and then activated his siren, resulting in the truck's stopping after it had gone another block. With difficulty, Officer Ramsey got the defendant to remain in the truck, asking for his

driver's license and registration. He detected "a very strong odor of alcohol" or what he believed to be alcohol coming from the defendant.

Officer Ramsey described the defendant as "very uncooperative," not doing anything asked of him. His speech was "[v]ery slurred," and he was difficult to understand. Initially, he agreed to perform field sobriety tests but, then, refused, saying "if you are going to arrest me, let's just go."

Inside the defendant's truck was a twelve-pack of beer, with five cans missing and the ones remaining "quite cool." One half-full can was inside the truck. In Officer Ramsey's opinion, the defendant was "drunk." The defendant refused to submit to a breathalyzer test or to sign the implied consent form.

Officer Mike Green of the Cookeville Police Department testified that he was at the scene when the defendant was arrested and that, in his opinion, the defendant was "intoxicated."

Following the testimony of Officer Green, the State rested its case. The defendant did not present any proof.

## ANALYSIS

In considering the sole issue on appeal, we apply the familiar rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); see also State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992); Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

<u>Bolin v. State</u>, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing <u>Carroll v. State</u>, 212 Tenn. 464, 370 S.W.2d 523 (1963)).  A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient.  <u>See</u> <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982).

In this matter, the two State's witnesses, both officers with the Cookeville Police Department, testified that, in their opinions, the defendant was intoxicated. By their verdict, the jurors demonstrated that they believed this testimony.  There is no basis for our concluding that the evidence was insufficient to support the conviction, for there was no proof to the contrary.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the judgment of conviction.

_____
ALAN E. GLENN, JUDGE