STATE of Tennessee, Appellant,

v.

Daniel Lydell TUGGLE, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 12, 1982.

Wayne E. Uhl, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, for appellant.

Douglas R. Beier, Morristown, for appellee.

## OPINION

COOPER, Justice.

Appellee, Daniel L. Tuggle, was convicted of concealing stolen property over $200.00 and received the minimum sentence of three years in the state penitentiary. TCA § 39–4217(B).[1] The Court of Criminal Appeals reversed the conviction, finding that the evidence of guilt was insufficient in that "the stolen goods for which [appellee] was convicted of concealing were never seen in his actual possession, and they were never found nor was evidence offered to prove that he had constructive possession." Our reading of the record, in light of fundamental and well-settled rules governing appellate review of criminal cases, leads us to a different conclusion.

A jury's finding of guilt, approved by the trial judge, should be set aside by an appellate court only if the evidence is insufficient for a rational trier of fact to find guilt of the defendant beyond a reasonable doubt. State v. Patton, 593 S.W.2d 913 (Tenn.1979). See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. On appeal of a conviction, conflicts in the testimony are resolved in favor of the verdict of the jury and the judgment of the trial court, and the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn.1978).

The record shows that Horace Jones is the operator of a Phillips 66 service station, located on Highway 11–E in Morristown, Tennessee. His residence is next to his station and is connected by an intercom system.

Around midnight on December 29, 1980, and after Mr. Jones had retired for the evening, he heard noises over the intercom system, which sounded as if someone was breaking into the cash register. Mr. Jones immediately went outside and saw two men running from the back of the station toward a white van parked on the hill behind the station. The hands of the men were empty. The men entered the van through the door on the passenger side and the van got under way quickly. As the van passed Jones, the driver turned his lights off. This prevented Jones from reading the license tag; however, he was able to see that the van had no rear bumper. Mr. Jones notified the police immediately, giving a description of the van and the two men seen running from the rear of the station.

On checking the service station, it was discovered that the station had been burglarized; entry had been made by prying or knocking concrete blocks from the back wall of the station. The opening measured only seven and three-fourths inches in height and thirty-two inches in width. Items missing from the service station included tools, watches, bank statement bags and tickets, a Christmas Club bank book, and a tape player and booster. These items

---

1. Appellee was indicted along with two co-defendants, Robert Lawrence Anderson, Jr., and Haskell Roosevelt Charles, and charged with (1) burglary in the third degree of Joe's Phillips 66 Service Station: (2) grand larceny; (3) receiving stolen property over the value of $200.00; and (4) concealing stolen property over the value of $200.00. The case was severed as to Anderson. On trial appellee and Charles were found guilty of concealing stolen property and were sentenced to serve not less than three nor more than three years in the state penitentiary. Only Tuggle appealed.

had a value of $230.00 to $240.00, according to Mr. Jones.

About an hour after the burglary was discovered and a description of the van broadcast, appellee, Haskell Charles and Robert Anderson were stopped by law enforcement officers in Bull's Gap, Tennessee. They were in the van which had been seen earlier at Jones' service station. The van was searched, but no stolen items were found.[2] The occupants of the van were not arrested but were told to report to the Morristown police on the morning of December 30th. They did report and gave exculpatory statements to the police.

Tuggle told the police that he and his companions had been riding around and had stopped at the gas station to relieve themselves. He denied breaking into the station and claimed he never saw anyone or heard anyone yelling at them at the station. His co-defendant Charles gave a similar statement, but claimed that the men never stopped at any service station. Anderson's statement is not in the record since his case was severed. The evidence does show, however, that footprints matching Anderson's shoes were found inside the service station.

Tuggle testified at trial that he and his companions were just driving around "killing time." When they stopped at the Phillips 66 service station, co-defendant Charles was sleeping in the back of the van. Tuggle and Anderson got out of the van, and while Tuggle was relieving himself near the van, Anderson walked around to the back of the station. Three or four minutes later Anderson came running toward the van saying that he had heard something. They both got into the van and Anderson drove it out of the station and toward Bull's Gap. Tuggle further testified that Anderson's hands were empty when he came back to the van. Tuggle denied any knowledge of or participation in the break-in.

■ Conviction of the offense of concealing stolen goods having a value of over $200.00 requires proof of the theft, the val-

ue of the goods taken, defendant's possession with knowledge that the goods were stolen, and concealment or aid in the concealment of the goods. *State v. Hatchett,* 560 S.W.2d 627, 629 (Tenn.1978). Possession of the stolen property may be actual or constructive. *State v. Veach,* 224 Tenn. 412, 456 S.W.2d 650 (Tenn.1970). In our opinion, the evidence is sufficient to prove beyond a reasonable doubt each of the elements of the crime of which appellee was convicted.

■ It is undisputed that the service station owned by Jones was burglarized and merchandise with a value over $200.00 was taken. The evidence further shows that on the night of the burglary, appellee and Anderson went to the rear of the service station together. Anderson entered the building through a small opening made in the rear wall by the removing of two concrete blocks. Merchandise taken in the burglary, of necessity, had to be moved through the opening in the wall. Appellee and Anderson were seen as they ran from the rear of the service station to the van, when Mr. Jones was alerted to the fact that a burglary was in progress by noise of the cash register being forced. Their hands were empty, indicating that the merchandise taken from the station had been loaded into the van while Anderson was still in the building. With Charles remaining in the van at all times, and Anderson being inside the service station, appellee was the only one left to take the merchandise as it was handed through the opening and load it on the van. This possession by appellee, in our opinion, was sufficient to meet the statutory requirement that appellee have possession of the merchandise with knowledge that the goods were stolen. Further, appellee fled the scene in the van with Anderson and Charles and remained with them constantly until the van was stopped in Bull's Gap and searched. From these circumstances, the jury logically could reason that appellee either concealed the merchandise

---

2. The Christmas Club book and the bank documents subsequently were found on a secondary road about one-half mile off the principal

straight route between the service station and Bull's Gap. There is no direct testimony placing the van or appellee on the secondary road.

or aided his companions in concealing the merchandise.

Judgment of the Court of Criminal Appeals is reversed and the judgment entered in the trial court is reinstated and affirmed. Costs of the appeal are adjudged against Daniel Tuggle.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.