## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
## FEBRUARY SESSION, 1997

FILED

July 31, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,     )
     )   No. 01C01-9606-CC-00247
     Appellee     )
     )   PUTNAM COUNTY
vs.     )
     )   Hon. JOHN MADDUX, Judge
SARAH K. MADEWELL,     )
     )   (DUI, Second Offense)
     Appellant     )

For the Appellant:

**H. MARSHALL JUDD**
Assistant Public Defender
215 Reagan Street
Cookeville, TN  38501

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM EDWARD GIBSON**
District Attorney General

**ANTHONY J. CRAIGHEAD**
Asst. District Attorney General
145 S. Jefferson Avenue
Cookeville, TN  38501

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

OPINION


The appellant, Sarah K. Madewell, appeals as of right from her conviction for driving while under the influence, second offense. The appellant's sole issue is whether the evidence presented at her jury trial in the Putnam County Criminal Court was sufficient as a matter of law to support her conviction.


After reviewing the record, we affirm the trial court's judgment pursuant to Rule 20, Tenn. Ct. Crim. App. R.


The appellant, then a waitress at a restaurant in Cookeville, left work at approximately 1:30 a.m. on the morning of February 19, 1995. She then drove to the Five Oaks Club which is located in White County to socialize with friends. The appellant testified that, between 2 a.m. and 3:30 a.m., she consumed two beers. She then left to return to her home in Baxter. Apparently, missing her turn, the appellant found herself in Algood. Detective Allen of the Algood Police Department observed the appellant make a "real wide turn." The officer followed the appellant for approximately one-half mile. During that time, he observed the appellant cross the double yellow line on the roadway about eight or nine times. Once she swerved completely onto the opposite side of the roadway. Upon reaching the parking lot of a supermarket, the officer proceeded to stop the appellant's vehicle. As he approached her car, he was able to detect a strong odor of alcohol from within. Detective Allen noticed that she slurred her speech and her eyes were "glassy." The appellant admitted that she had consumed two beers. He asked her to take three field sobriety tests; she failed two and refused to perform one stating that she had a back injury which prevented her from standing on one foot. The appellant was arrested and transported to the Putnam County Jail. When the two arrived at the jail, the officer explained the implied consent law to the appellant. She then signed the implied consent form and took

a blood alcohol test. The Intoximeter 3000 failed to perform properly during the first three attempts, registering a .00. On the fourth attempt, at 5:16 a.m., the appellant's blood alcohol level registered as .10 per cent.

Following her conviction, the trial court imposed a sentence of 11 months and 29 days with all time suspended except for sixty days in the county jail. In addition, the appellant was fined $500 plus court costs.

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913,914 (Tenn. 1982). In other words, this court will not reevaluate or reweigh the evidence brought out at trial. It is presumed that the judge or jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542,547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. Grace, 493 S.W.2d at 476.

The elements of driving under the influence are: (1) driving or being in physical control of a motor vehicle (2) upon a public thoroughfare while (3) under the influence of an intoxicant or drug. Tenn. Code Ann. § 55-10-401 (1993 June 16, 1997 Repl.); State v. Ray, 563 S.W.2d 454, 459 (Tenn. Crim. App. 1988). The offense of drunk driving may be established by circumstantial evidence. State v. Gilbert, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). In this case, the appellant challenges only the finding that she was under the influence of an

3

intoxicant at the time of her arrest. Based upon careful consideration of the evidence, the jury found that the appellant was under the influence of alcohol. We agree. The evidence in the record before us amply supports the appellant's conviction for driving under the influence.

In conclusion, pursuant to Rule 20, Tenn. Ct. Crim. App. R., we hold that the evidence is sufficient to find the appellant guilty beyond a reasonable doubt, and we, therefore, affirm the trial court's judgment.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
CURWOOD WITT, Judge

4