IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2002

## STATE OF TENNESSEE v. FREDDIE DEAN BLEDSOE

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 5614      Lillie Ann Sells, Judge**

**No. E2001-02085-CCA-R3-CD**
**September 25, 2002**

The appellant was convicted by a jury of the offense of aggravated assault. He was sentenced to a term of six years incarceration and the jury assessed a $10,000 fine. On appeal he contends that the evidence is insufficient to support the verdict. After a careful review of the record we find that the evidence is sufficient to support the verdict and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

G. Earl Patton, Crossville, Tennessee, for appellant, Freddie Dean Bledsoe.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; Bill Gibson, District Attorney General; and Anthony Craighead, Assistant District Attorney General, for appellee, State of Tennessee.

### OPINION

This case arises out of a fight that took place outside of Sisco's Bar in Cumberland County, Tennessee. As accredited by the jury's verdict the record shows that at some point on the night of June 15, 1999, the appellant hit an individual named Andrew Kemmer in the face resulting in the victim suffering facial abrasions/lacerations, severe head injury and unconsciousness. The appellant made statements to the effect that he had knocked Kemmer out with one punch and that he had done so because Kemmer owed him money. As a result of the head injury, Mr. Kemmer now has only short term memory, his personality has been altered, and he has lingering physical problems. He has undergone multiple surgeries because of the attack.

According to the appellant, Mr. Kemmer phoned and asked for the appellant to meet him in the bar parking lot. When Kemmer arrived, he was "real high" and tried to sell cocaine to the appellant as well as attempting to recruit the appellant to sell cocaine for him. When the appellant

refused and turned to go back in the bar, Kemmer grabbed the appellant's arm. The appellant testified that he did not know what Kemmer was going to do so he hit Kemmer one time, not meaning to hurt him. The appellant then returned to the bar where he drank beer, danced and then left.

Evidence is sufficient if, after reviewing "the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S.307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). Conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt; thus, a convicted criminal defendant bears the burden of showing that the evidence was insufficient.; See State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963)

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict and trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving "the credibility of witnesses, the weight to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of fact", not the appellate courts. State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); See also State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Aggravated assault is defined at Tennessee Code Annotated section 39-13-102. The methods by which a person may commit this offense include intentionally or knowingly assaulting another person causing that person to suffer serious bodily injury. See, Tenn. Code Ann. § 39-13-102(a)(1)(A). In this case the appellant does not dispute that he assaulted Mr. Kemmer or that Kemmer suffered serious bodily injury. He does argue that the State failed to introduce sufficient evidence to establish beyond a reasonable doubt that the appellant's assault caused Kemmer's injuries. The appellant points to other possible explanations for Kemmer's injuries such as another person attacking Kemmer after the appellant or that a vehicle ran over him. However, there is ample evidence in the record from which a jury could find beyond a reasonable doubt that the appellant's assault caused Mr. Kemmer's injuries.

According to bar patron Frederick Aulich, on June 15, 1999, the appellant stated that Kemmer owed him money and that he would "do whatever he had to do" to collect that money. Sometime later, the appellant came back into the bar with what appeared to be blood on his hands, and he told Mr. Aulich, "I smacked him." Mr. Aulich found Kemmer outside only "moments" from the time the appellant went to wash the blood off his hands.

Michael Gann, another patron, testified that he observed the appellant come inside the bar on June 15 after Mr. Kemmer had been discovered outside. The appellant announced, "I knocked him out in one punch."

Jenny Lance testified that the appellant went outside of Sisco's to meet Kemmer and when the appellant returned, he told her that he and Kemmer had been in a fight. The appellant wanted Lance to take him home.

Although the appellant asserted that he only hit the victim once, he admitted assaulting Kemmer. He claimed that he hit Kemmer because Kemmer was "hounding" him and "aggravating" him.

When found, Mr. Kemmer was unconscious, and he looked as though he had been hit in the face. According to the paramedic, Kemmer had facial lacerations or abrasions and was exhibiting side effects of a head injury. Kemmer went through two surgeries and was unconscious for over a week. As of the time of the trial, he was still experiencing problems due to the assault.

From this evidence, a rational jury could have found beyond a reasonable doubt that the appellant's assault caused serious bodily injury to the victim. Therefore, the evidence is amply sufficient to support the appellant's conviction.

## Conclusion

For the foregoing reasons we find that the appellant's issue lacks merit. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE