IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2004

## STATE OF TENNESSEE v. WAYNE BOSTIC

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7429     Jon Kerry Blackwood, Judge**

_____

**No. W2003-03082-CCA-R3-CD  - Filed September 24, 2004**

_____

Following a jury trial, Defendant, Wayne Bostic, was convicted of one count of delivery of cocaine, a Schedule II controlled substance.  The trial court sentenced Defendant to five years confinement as a Range I, standard offender.  Defendant does not appeal his sentence.  Defendant does, however, appeal the sufficiency of the convicting evidence.  Following a review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, (on appeal) and Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant District Public Defender, (at trial) for the appellant, Wayne Bostic.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Anne Brewer, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

On January 9, 2003, Donald Wallace, an undercover agent with the Lauderdale County Sheriff's Department, was equipped with an audio/video transmitter.  He then drove to Airport Street in Halls, Tennessee, to attempt to purchase drugs.  Officer Wallace said that a young man first approached him and asked Officer Wallace if he wanted to buy some crack cocaine.  When Officer Wallace said that he did, the young man directed Officer Wallace to a second individual who told him to pull over to the curb.  A third individual was standing in the yard of a house across the street.  This individual crossed the street and handed Officer Wallace some crack cocaine in exchange for fifty dollars.  At trial, Officer Wallace identified Defendant as the man who handed him the cocaine.  Officer Wallace said that he did not identify the other two individuals.

Officer Wallace drove around the corner where Officer John Thompson was waiting and delivered the cocaine to him. Officer Thompson said that he recognized Defendant's face when he first reviewed the videotape of the sale, but it took him a few days to discover Defendant's name.

Mark Dunlap, a forensic scientist with the Tennessee Bureau of Investigation, testified that the substance purchased by Officer Wallace from Defendant was cocaine and weighed 0.2 grams.

Defendant testified that he was not the man in the videotape and did not recognize any of the individuals on the tape. Although he could not remember where he was on January 9, 2003, Defendant said that he usually worked at his sister's restaurant during the day. Defendant said that he never wore a baseball cap like the man in the videotape wore.

Defendant argues that this evidence is insufficient to prove that he was the perpetrator of the offense beyond a reasonable doubt. When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

As relevant here, it is an offense for a person to knowingly deliver a controlled substance. Tenn. Code Ann. § 39-17-417(a)(2). The delivery of less than 0.5 grams of cocaine, a Schedule II controlled substance, is a Class C felony. *Id.* -417(c)(2)(A). Of course, the identity of the perpetrator is an essential element of any crime. *See State v. Thompson*, 519 S.W.2d 789, 793 (Tenn. 1975). Officer Thompson said that he was familiar with Defendant's face when he first reviewed the videotape of the sales transaction. He later established Defendant's name by matching the man on the videotape with a photograph of Defendant. Although Defendant was not wearing a baseball cap in this photograph, Officer Thompson testified that the facial structures and hair of the man on the videotape was the same as that portrayed in Defendant's photograph. Officer Thompson testified that he had no doubt that Defendant was the one who delivered the cocaine to Officer Wallace. Furthermore, Officer Wallace identified Defendant at trial as the man who sold the cocaine.

Issues of credibility and identity are questions reserved for the jury. The jury had the opportunity to view the videotape of the sale and assess the credibility of both the State's witnesses and Defendant at trial. The jury, by its verdict, obviously accredited the testimony of the State's

witness as was their prerogative.  *See State v. Summerall*, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995).  In our view, the evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Defendant was the individual who delivered the crack cocaine to Officer Wallace.  Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed

_____
THOMAS T. WOODALL, JUDGE