IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

## STATE OF TENNESSEE v. SHAMARCUS ANTWAN HUNT

**Direct Appeal from the Circuit Court for Gibson County**
**No. 8288     Clayburn L. Peeples, Judge**

**No. W2007-01767-CCA-R3-CD  - Filed July 21, 2008**

The defendant, Shamarcus Antwan Hunt, was convicted of the sale of cocaine under .5 grams, a Class C felony, and possession of cocaine over .5 grams with intent to manufacture, deliver, or sell, a Class B felony.  He was sentenced, respectively, to eight years and twelve years in the Department of Correction, to be served concurrently.  On appeal, he argues that the evidence was insufficient to support his convictions and that the trial court should have declared a mistrial following allegedly improper remarks by the prosecutor during closing arguments.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Tom W. Crider, District Public Defender, and Linda L. Moore, Assistant Public Defender, for the appellant, Shamarcus Antwan Hunt.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General; and Edward L. Hardister and Harold E. Dorsey, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### FACTS

At trial, Officer Terry Williams of the Humboldt Police Department testified that he was sent by Officer Danny Lewis to West Side Drive on September 7, 2006, to purchase cocaine.  He pulled into the parking lot of a grocery store and approached the defendant, who was at a car wash located in the parking lot.  He asked the defendant if he had "anything," and the defendant told him that he had powder cocaine.  Officer Williams purchased twenty dollars worth of cocaine from the defendant and then asked him if he had any more.  When the defendant replied affirmatively, Officer

Williams told him he wished to buy an additional one hundred dollars worth of cocaine and asked the defendant to accompany him to an ATM to withdraw the money.

Danny Lewis, the assistant special agent in charge of the Drug Task Force of the Twenty-Eighth Judicial District, testified that on September 7, 2006, he was working on an undercover drug purchase operation. Agent Lewis supplied Officer Williams with a car containing video and audio equipment and a twenty-dollar bill with which to purchase drugs. He testified that after Officer Williams asked the defendant to accompany him to the ATM, the defendant entered Officer Williams' car and Officer Williams drove to a "takedown" location where an arrest team was waiting. Agent Lewis arrived at the takedown location as officers were removing the defendant from the vehicle. He identified the twenty-dollar bill he gave to Officer Williams and said that the bill was recovered from the defendant's left front pants pocket after his arrest. He also identified two bags of cocaine, a smaller bag given to him by Officer Williams after the defendant's arrest and a larger bag recovered from the defendant's left front pants pocket.

Tennessee Bureau of Investigation Agent Dana Parmenter, accepted by the trial court as an expert in the field of drug chemistry, testified that she analyzed the two bags identified by Agent Lewis and found that both bags contained powder cocaine in an aggregate amount of 2.5 grams. On cross-examination, Agent Parmenter testified that the smaller bag contained .2 grams of cocaine, and the larger bag contained 2.3 grams of cocaine.

Following deliberations, the jury convicted the defendant of sale of cocaine under .5 grams and possession of cocaine over .5 grams with intent to manufacture, deliver, or sell. The trial court sentenced the defendant to eight years as a Range II, multiple offender on the sale conviction and to twelve years as a Range I, standard offender on the possession conviction. The court ordered his sentences to be served concurrently.

## ANALYSIS

The defendant argues that the evidence was insufficient to support his convictions and that the prosecutor committed misconduct rising to the level of reversible error when he mistakenly stated in closing arguments that defense counsel referred to the defendant as a "drug dealer" during opening statements. The State argues that the evidence was sufficient to support the defendant's convictions and that the defendant waived the issue of prosecutorial misconduct by not objecting contemporaneously or in his motion for new trial. As we will explain, we agree with the State.

### I. Sufficiency of the Evidence

Where sufficiency of the convicting evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond

a reasonable doubt."); <u>State v. Evans</u>, 838 S.W.2d 185, 190-92 (Tenn. 1992); <u>State v. Anderson</u>, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. <u>See</u> <u>State v. Pappas</u>, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." <u>State v. Grace</u>, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

<u>Bolin v. State</u>, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing <u>Carroll v. State</u>, 212 Tenn. 464, 370 S.W.2d 523 (1963)).

A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. <u>See</u> <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982).

Tennessee Code Annotated section 39-17-417 regulates trafficking in controlled substances. It states, in part:

(a) It is an offense for a defendant to knowingly:

    (1) Manufacture a controlled substance;

    (2) Deliver a controlled substance;

    (3) Sell a controlled substance; or

    (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

    . . . .

(c) A violation of subsection (a) with respect to:

    (1) Cocaine or methamphetamine is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine or

methamphetamine and, in addition, may be fined not more than one hundred thousand dollars ($100,000);

> (2)(A) Any other Schedule II controlled substance, including cocaine or methamphetamine in an amount of less than point five (.5) grams, is a Class C felony and, in addition, may be fined not more than one hundred thousand dollars ($100,000).

The defendant argues that the evidence was insufficient to support his convictions for sale and possession of cocaine and supported only convictions for casual exchange of a controlled substance and simple possession of cocaine. However, the proof adduced at trial showed that the defendant knowingly sold a bag containing .2 grams of cocaine to Officer Williams for twenty dollars, offered to sell Officer Williams an additional one hundred dollars worth of cocaine, and possessed a bag containing 2.3 grams of cocaine when he was arrested. This evidence was sufficient to support the defendant's convictions for sale of cocaine and possession of cocaine with intent to sell. This assignment is without merit.

## II.  Prosecutorial Misconduct

The defendant also argues that the prosecutor engaged in misconduct constituting reversible error when he stated in his closing argument that defense counsel had referred to the defendant as a "drug dealer" during her opening statement. He contends that this statement was extremely prejudicial and could have affected the jury's verdict. However, the defendant concedes that he did not lodge a contemporaneous objection to this statement, and the record reflects that he did not raise this issue in his motion for new trial. Therefore, the defendant has waived this issue. The failure to contemporaneously object to a prosecutor's allegedly improper remarks waives plenary appellate review of that issue. Tenn. R. App. P. 36(a); State v. Thornton, 10 S.W.3d 229, 234 (Tenn. Crim. App. 1999). Furthermore, plain error analysis is inappropriate because the defendant concedes that his decision not to object contemporaneously was "a tactical strategy." See State v. Smith, 24 S.W.3d 274, 282-83 (Tenn. 2000) (before recognizing the existence of plain error, a reviewing court must find, among other things, that the accused did not waive the issue for tactical reasons). The defendant is not entitled to relief on this issue.

## III.  Sentencing

The record on appeal in this matter initially indicated that, contrary to the judgments entered, the trial court intended that the sentences be served consecutively to each other as well as to the violation of probation. However, subsequently, the defendant filed a motion to supplement the record with a transcript showing that the court later ordered that the sentences be served concurrently. This court granted the motion and has reviewed the transcript. We have determined that the trial court intended that the sentences be served concurrently with each other but consecutively to the violation of probation and, therefore, the order of the trial court entered in this regard accurately reflects the intent of the trial court as to sentencing. No amended judgments, as directed by our previous but withdrawn opinion in this matter, need be entered.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgments of the trial court are affirmed.

_____

ALAN E. GLENN, JUDGE