# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 19, 2010

## STATE OF TENNESSEE v. CHARLES PHILLIP MAXWELL

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3374    Monte Watkins, Judge**

---

**No. M2009-02323-CCA-R3-CD - Filed February 1, 2011**

---

Following a bench trial, the Defendant, Charles Phillip Maxwell, was convicted of driving on a suspended license, a Class B misdemeanor. The trial court revoked the Defendant's license for a year and sentenced the Defendant to 30 days in the county jail, suspended to probation following the service of 24 hours in the county jail. In this appeal as of right, the Defendant contends that the evidence was insufficient to sustain his conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Charles Phillip Maxwell, pro se (at trial), and Ashley Preston (on appeal), Nashville, Tennessee, for the appellant, Charles Phillip Maxwell.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and David Gregory Vorhaus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Officer Coleman Womack of the Metro Nashville Police Department testified that on March 5, 2008, he was assigned to the traffic division and was traveling on Bell road in Davidson County when he observed the Defendant not wearing a seatbelt. The Defendant was driving a 1987 black Chevrolet Celebrity. Officer Womack stopped the Defendant and asked for his driver's license. The Defendant told him that he did not have a driver's license. Officer Womack "ran a status check" on the Defendant for "his driver's license status" and

learned that the Defendant's driver's license had been suspended. Officer Womack gave the Defendant a citation and instructed the Defendant to pull into a Kroger parking lot and have someone drive him home.

On cross-examination, Officer Womack admitted that he initially drafted a citation for "driver's license required." Officer Womack testified that after he learned that the Defendant's license had been suspended, he corrected the citation before giving the citation to the Defendant. Officer Womack explained that the computer had been slow and that sometimes "it takes a minute to come back." Officer Womack testified that even though the status check revealed that the Defendant's license had been suspended, it was possible that the Defendant had never actually applied for a driver's license. He explained that if the Defendant had been stopped and cited for not having a driver's license, the department may have assigned the Defendant a driver's license number in order to document that the Defendant's privilege to drive had been suspended. However, he could not testify as to whether that had occurred in the Defendant's case because the records merely reflected that the Defendant's license had been suspended.

Kenneth Wade Birdwell of the Tennessee Department of Safety testified that he was the director of the financial responsibility office, which maintained the driving records in Tennessee. Mr. Birdwell testified that the Defendant's driver's license had been suspended and that his status had not been changed on March 5, 2008. Mr. Birdwell stated that according to the records maintained by the department, the Defendant applied for a driver's license and that a license was issued to the Defendant on August 31, 1989. On cross-examination, Mr. Birdwell admitted that he was only able to testify that the identifying information contained in the documents matched the Defendant, not that the Defendant was actually the person referenced in the records. Mr. Birdwell also testified that a person's privilege to drive may be suspended even if a person did not have an actual driver's license.

## ANALYSIS

The Defendant contends that the evidence was insufficient to sustain his conviction of driving on a suspended license because the State failed to prove that the Defendant ever possessed a valid Tennessee license, thereby rendering it impossible to prove the Defendant's privilege to drive had been suspended. The Defendant is essentially contending that because he never applied for and received a driver's license, the State cannot prove that his license was ever suspended, thereby rendering his conviction invalid. The State responds that the evidence was sufficient to sustain the Defendant's conviction.

An appellate court's standard of review when a defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable

to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. <u>See</u> <u>State v. Sheffield</u>, 676 S.W.2d 542, 547 (Tenn. 1984); <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. <u>See</u> <u>State v. Bland</u>, 958 S.W.2d 651, 659 (Tenn. 1997). "A verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." <u>Id.</u>; <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982). "This [standard] applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." <u>State v. Pendergrass</u>, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

The conviction of driving on a suspended license required proof beyond a reasonable doubt that the Defendant drove a motor vehicle in any designated area specified in the statute "when [his] privilege to do so [wa]s cancelled, suspended, or revoked." Tenn. Code Ann. § 55-50-504(a)(1). Mr. Birdwell testified that the Defendant applied for a license to drive in Tennessee and that he was provided with a license on August 31, 1989. Mr. Birdwell further testified that the Defendant's license to drive had been suspended and was still suspended on the date, March 5, 2008, that he was stopped for not wearing his seatbelt. We acknowledge the Defendant's assertion that contrary to the testimony and the records presented at trial, he never applied for a license. However, as this was a bench trial, the trial court resolved any questions of credibility and potential conflicts in the testimony at trial. Accordingly, we conclude that the evidence was sufficient to support the Defendant's conviction.

<u>CONCLUSION</u>

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE