# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 12, 2015 Session


## STATE OF TENNESSEE v. ANTHONY JAMES ZONNEVILLE


### Appeal from the Criminal Court for Davidson County
### No. 2012-B-1806      Seth W. Norman, Judge

_____


### No. M2014-00749-CCA-R3-CD – Filed July 22, 2015

_____


The Defendant claims the evidence was not sufficient for the jury to convict him of possession of .5 grams or more of a substance containing cocaine with intent to sell or deliver within 1,000 feet of a school. He also claims the trial court as the thirteenth juror erred in not granting his motion for new trial. After a thorough review of the record, we conclude the evidence was sufficient and affirm the judgment of the trial court.


## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed


ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the Appellant, Anthony James Zonneville.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Victor S. Johnson III, District Attorney General; and Shannon E. Poindexter, Assistant District Attorney General, for the Appellee, State of Tennessee.


## OPINION


A Davidson Grand Jury indicted the Defendant in Count 1 of possession with intent to sell or deliver .5 grams or more of a substance containing cocaine within 1,000 feet of a school and in Count 2 of possession with intent to sell or deliver Alprazolam within 1,000 feet of a school. The jury found the defendant guilty as charged in Count 1 and guilty of possession of schedule IV in Count 2. Pursuant to a Sentencing Agreement,

the Defendant was sentenced to the mandatory minimum sentence of 15 years' incarceration to be served at 100% in Count 1 and eleven months and 29 days in Count 2, concurrent with Count 1. The sentence was ordered to be served consecutively to case 2012-B-1210 for a total effective sentence of 31 years. The trial court overruled the motion for new trial, and this timely appeal followed.

The Defendant challenges the sufficiency of the evidence as it relates to Count 1 only and claims the trial court erred in not granting the motion for new trial.

*FACTS*

Metropolitan Nashville Police Department (MNPD) Detective Jason Wong and his partner, Officer Watkins, were dispatched sometime between 8:00 and 9:00 p.m. on May 8, 2012, to a Nashville address on a complaint of narcotics being sold. At first, Detective Wong accidentally drove past the duplex at the address. However, after realizing his mistake, he parked his car and walked back. As he walked toward the duplex, he observed two people sitting in a vehicle parked in the driveway. He approached from the rear on the driver's side as Officer Watkins approached on the passenger side. The driver's side window was down and he overheard the Defendant ask the passenger, "[h]ow much do you need?" He observed that the Defendant had in his lap some pills in one plastic baggie and a white substance in another plastic baggie. The Defendant was breaking off a piece of a white, rocky substance. Detective Wong stood by the window approximately one foot from the vehicle for approximately 45 seconds before the occupants realized he was there. He then announced himself, removed the Defendant from the driver's side of the vehicle, and placed him under arrest. His partner removed Dawn Stamps from the passenger side of the vehicle and placed her under arrest. The Defendant was searched, and $579 was found on his person. The vehicle was searched and eight items were seized as evidence. Detective Wong signed and submitted the Property/Evidence report at approximately 1:00 a.m. the next morning. The report lists under Property Description: 4.3 grams of cocaine, 1.3 grams of cocaine, 1.5 grams of cocaine, .4 grams of cocaine wrapped in a $5 bill, 15 Xanax pills, bottle of Naproxen containing 7 pills, LG Verizon black cell phone, and $579 US currency.

On cross-examination, Detective Wong stated he was not surprised that certain details, such as his standing by the window for approximately 45 seconds and overhearing the conversation between the driver and passenger, were not included in the arrest report. When asked what he recovered from Ms. Stamps, Detective Wong said he found a folded five dollar bill containing .4 grams of cocaine between the passenger's seat and the center console. He stated he found a plastic corner baggie containing Xanax in the front driver's side floorboard. Detective Wong did not recall if Ms. Stamps had

2

any money on her person but knew that no money was seized or recovered from her. No scales or unused baggies were found in the vehicle.

On redirect examination, Detective Wong testified he found three plastic baggies containing cocaine, one containing 4.3 grams, another containing 1.3 grams, and a third containing 1.5 grams. He observed the Defendant's breaking off part of the substance in the baggie later found to contain 4.3 grams of cocaine. He said it is common for the person buying cocaine to receive it wrapped in a one dollar or five dollar bill. He said Ms. Stamps was charged with simple possession of cocaine.

MNPD Detective Nicholas McClusky responded to the address at the request of Detective Wong. When he arrived, the Defendant and Ms. Stamps were in custody. He field tested and weighed the white substance found in the three baggies. The substances tested positive for cocaine base. He recalled the three baggies weighed 4.3 grams, 1.4 grams, and 1.3 grams, but he stated that he would need to check the paperwork to be sure of the weights.

MNPD Property and Evidence Lab Clerk Lou Ann Corcoran submitted the evidence, a submittal form, and a Request for Examination to the Tennessee Bureau of Investigation (TBI). She said each piece of evidence was marked with a tracking barcode linked to the complaint number. She identified the copy of the Property and Evidence Report that was previously entered for identification and entered as evidence following her testimony.

TBI Special Agent Ella Carpenter was qualified as an expert in forensic chemistry. Special Agent Carpenter received items for testing and each was assigned a unique identification number. She performed chemical analysis on three pieces of evidence she received and "memorialized" her findings[1] in an Official Forensic Chemistry Report (the Report) which was entered as evidence without objection. The Report contains the following information:

**EXHIBIT(S):**

| | |
|---|---|
| 01-a | Rock-like substance |
| 01-b | Tablets |
| 01-c | Powder |

---

[1] Special Agent Carpenter's testimony is confusing. She states she analyzed three exhibits. She refers to Exhibit 1-A as powder and indicated "the bag of powder listed here" which she determined was cocaine. She then refers to yellow tablets which she determined were Alprazolam. Finally, she refers to "the powder right here" which she determined was cocaine.

| RESULTS: | Controlled Substance | Schedule | Amount |
|---|---|---|---|
| 01-a | Cocaine | II | 1.00 Gram(s) |
| 01-b | Alprazolam<br>One tablet was analyzed. | IV | 15 Tablet(s) |
| 01-c | Cocaine<br>No analysis was performed on additional powder. The gross weight of this additional powder is 2.50 grams. The total weight for all the additional powder would not exceed 26 grams. Other submitted items were not analyzed. | II | 4.00 Gram(s) |

The Report is clear that she determined the substances she analyzed were cocaine and Alprazolam, and the cocaine was well in excess of 0.05 grams.

David Kline, manager of the Metropolitan Planning Department Mapping Division, created a map for this case showing a 1,000 foot buffer area around the property line of Hattie Cotton Elementary School marked by a red line. He highlighted the address where the Defendant was arrested in yellow and stated that the address was closer than 1,000 feet to the school property.

Steve Keel, School Security Operations Manager, testified that Hattie Cotton Elementary School was constructed in 1995 and was being used as a school on the date the Defendant was arrested.

*ANALYSIS*
*Sufficiency of the Evidence*

On appeal, the Defendant challenges the sufficiency of the evidence as it relates to his convictions for possession with intent to sell or deliver .5 grams or more of a substance containing cocaine within 1,000 feet of a school. In support of his argument, the Defendant claims that there was no proof that a sale or delivery of cocaine had taken place, that the passenger never responded when asked how much she needed, and that the passenger had no money to be used to purchase the cocaine and therefore there was no possibility of a sale occurring. The State argues there was sufficient evidence to support the conviction. We agree with the State.

The applicable standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Tenn. R. App. P. 13(e). A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and the Appellant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

In order to sustain a conviction, "the proof must be sufficient to support each and every element of the conviction offense." State v. Parker, 350 S.W.3d 883, 909 (2011). A reviewing court must examine each element of the offense of which the defendant stands convicted and determine if each element is supported by sufficient evidence. Id. "If the proof does not adequately support each and every element, the defendant is entitled to a reversal of the conviction." Id. This is true even if the evidence is sufficient to support a conviction for the greater offense. Id.

In a jury trial, the weight and credibility given to the testimony of witnesses, as well as the reconciliation of conflicts in that testimony, are questions of fact best determined by the jury, because they saw and heard the witnesses, and by the trial judge, who concurred in and approved the verdict. Bland, 958 S.W.2d at 659. This Court will not reweigh the evidence. Id. On review, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007).

Before the jury could find the Defendant guilty as charged in Count 1, the State must have proven beyond a reasonable doubt that the Defendant was knowingly in actual or constructive possession of cocaine, he possessed the cocaine with the intent to sell or deliver, the weight of the cocaine was .5 grams or more, and the offense occurred within 1,000 feet of a school. The Defendant does not contest, nor was it disputed at trial, that the Defendant knowingly possessed cocaine in the amount of .5 grams or more within 1,000 feet of Hattie Cotton Elementary School. The Defendant disputes that he possessed the cocaine with the intent to sell or deliver and avers that he was only guilty of simple possession of cocaine.

In this case there was overwhelming circumstantial evidence from which the jury could decide that the Defendant possessed the cocaine with the intent to sell or deliver. Detective Wong testified about the conversation he overheard in which the Defendant inquired how much the passenger wanted. Detective Wong saw the Defendant break off a piece of white rock-like substance. During the search of the Defendant's vehicle,

5

Detective Wong found three separate baggies containing cocaine in the driver's floor board and a folded five dollar bill containing cocaine between the passenger's seat and the console. Detective Wong testified it is common for cocaine to be delivered to a purchaser in a one or five dollar bill. The Defendant was found in possession of $579.

We conclude that the evidence was sufficient for a reasonable juror to find the Defendant guilty of possession with intent to sell or deliver .5 grams or more of a substance containing cocaine within 1,000 feet of a school.

Thirteenth Juror

The Defendant claims the trial court erred by not granting the Motion for New Trial as the thirteenth juror. In summary, the Defendant claims the State failed to prove beyond a reasonable doubt that the Defendant possessed cocaine with the intent to distribute. Tennessee Rule of Criminal Procedure 33(d) provides that "[t]he trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." However, although the trial court has a mandatory duty to act as the thirteenth juror in every criminal case, Rule 33(d) "does not require an explicit statement on the record that the trial court performed its duty." State v. Brown, 53 S.W.3d 264, 274 (Tenn. Crim. App. 2000). By overruling the Motion for New Trial without expressing dissatisfaction with the weight of the evidence or the jury's verdict, the trial court is presumed to have served as the thirteenth juror and approved the jury's verdict. Id. Because the trial court discharged its duty as thirteenth juror, our review is limited to the sufficiency of the evidence, which issue has been addressed above. The defendant is not entitled to relief on this issue.

*HOLDING*

After careful review, we conclude that the Defendant is not entitled to relief. The judgment of the trial court is, therefore, affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

6