FILED

02/19/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

**STATE OF TENNESSEE V. TIMOTHY T. MILLICAN**

**Appeal from the Circuit Court for Giles County**
**No. CR-14086        Robert L. Jones, Judge**
_____

**No. M2019-00121-CCA-R3-CD**
_____

A Giles County jury convicted Timothy T. Millican, Defendant, of one count of theft of property with a value of at least $10,000 but less than $60,000.  The trial court sentenced Defendant as a Range I standard offender to four years at thirty percent release eligibility, which the trial court suspended to five years' supervised probation following the service of a year in jail.  On appeal, Defendant asserts that the evidence was insufficient to sustain his conviction.  After a thorough review of the record and applicable case law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Mattea L. Rolin, Elkton, Tennessee, for the appellant, Timothy T. Millican.

Herbert H. Slatery III, Attorney General and Reporter; Scott M. Corley, Assistant Attorney General; Brent A. Cooper, District Attorney General; and Victoria Haywood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

Josh Bass, an investigator with the Giles County Sheriff's Department, testified that he was involved with an investigation involving Defendant.  Investigator Bass received a "Be on the Lookout" notification regarding a stolen 2006 Jeep from Lawrence County.  His initial investigation revealed a Facebook post of a person resembling

Defendant standing next to the stolen Jeep and loading it with groceries. Based on his prior dealings with Defendant, Investigator Bass recognized him in the photograph. A few days later, on September 26, 2017, he received additional information from a criminal informant and went to Defendant's home in Giles County.

When Investigator Bass and his lieutenant arrived at Defendant's home, Defendant was exiting the driver's side of the Jeep. After being permitted to look at the vehicle identification number, Investigator Bass determined it matched the stolen Jeep from Lawrence County. The Jeep's Hardin County license plate did not match the vehicle registration of the Jeep. Investigator Bass asked Defendant how the vehicle came into his possession. Defendant told Investigator Bass that "a black gentleman from Elkton had dropped it off" to "be worked on" but that he did not know this man's name, where he lived, or any way to get in contact with him. Defendant told Investigator Bass that the man who dropped off the Jeep did not specify any mechanical issues and that the man would "come back at an undisclosed time and pick it up." Investigator Bass confiscated the Jeep, removed a cooler and a shirt from it, and returned the personal items to Defendant. As Investigator Bass drove it away, he noted that the vehicle "started fine" and "was operable." He said the Jeep was not making any noises, "jerking," or doing anything unusual.

On several later occasions, Investigator Bass contacted Defendant to ask who dropped off the Jeep at his home. Each time, Defendant would state that he did not know yet. Eventually, Defendant refused to speak further to Investigator Bass, so Investigator Bass issued a warrant for his arrest for theft. Defendant never provided a name for the gentleman he claimed dropped the Jeep at his home.

On cross-examination, Investigator Bass stated that the person loading groceries into the Jeep in the photograph from the Facebook post was facing away from the camera.

Noah Clint Roberson testified that, in 2017, he purchased a 2006 Jeep for $11,000. Mr. Roberson said that, on September 21, 2017, he went inside a gas station to purchase a drink. When he returned, his Jeep was missing, and he reported it stolen to the Lawrence County Sheriff's Department. Mr. Roberson stated there was nothing wrong with the Jeep when it was stolen. Mr. Roberson said that he did not give Defendant consent to take and use his vehicle and that he did not even know Defendant.

Ralph Millican testified that he was Defendant's father and that he saw Defendant driving the 2006 Jeep. Mr. Millican told Defendant to take the Jeep "back where [he] got it" and asked Defendant what he was doing with the Jeep. Defendant responded that he was "going to work on it" and that he needed to get a part for it. Mr. Millican stated that

he went to Defendant's home "up on the hill, [a]nd this dude was up there" with "a little girl." Mr. Millican "tried to run him off," but the man said he was waiting for a ride. Mr. Millican said that he waited at Defendant's home for about thirty to forty-five minutes until Defendant returned in the Jeep, and then Mr. Millican left.

On cross-examination, Mr. Millican testified that Defendant could not work on the Jeep himself because he had "no knees" and was "crippled." Mr. Millican stated that Defendant had the tools to work on the Jeep and knew another man who could do the work. He described the man that he "tried to run off" as a white man, "black-headed," weighing "about 180" and approximately five feet nine inches tall.

After closing arguments, the trial court instructed the jury with, among other things, an instruction on recently stolen property:

> If you find, beyond a reasonable doubt, . . . from the evidence that the property in question had been recently stolen; and that soon thereafter the same property was in the exclusive possession of [D]efendant; this possession, unless satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw an inference that [D]efendant gained possession through theft, or had knowledge that the property had been stolen. However, you are never required to make this inference. It is for you to determine whether the facts and circumstances shown by the evidence in this case warrant an inference, which the law permits you to draw from the possession of recently stolen property.

> When the evidence is offered that [D]efendant was in possession of recently stolen property, [D]efendant has the right to introduce evidence that he came in to possession of the property lawfully, or possession may be satisfactorily explained through other circumstances or other evidence independent of any evidence offered by [D]efendant.

> In considering whether possession of recently stolen property has been satisfactorily explained, you're reminded that in the exercise of constitutional rights, the accused need not take the witness stand and testify.

> The term, ["]recently,["] is a relative term and has no fixed meaning[;] whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft, the more doubtful becomes the inference, which may be drawn from

unexplained possession. The correctness of the inference, and the weight to be given to any explanation that may be shown by the evidence, are matters that must be determined by you, and you are not bound to accept either. You must weigh all the evidence presented as to [D]efendant's alleged possession of the property in question, and decide, in light of all the facts and circumstances, whether any inference is warranted.

The jury found Defendant guilty of theft of property with a value at least $10,000 but less than $60,000. The trial court sentenced Defendant as a Range I standard offender to four years at thirty percent release eligibility, which the trial court suspended to five years' supervised probation following the service of a year in jail. Defendant filed a timely motion for a new trial, and the trial court denied the motion following a hearing. This timely appeal follows.

## Analysis

Defendant argues that the evidence was insufficient to sustain his conviction for theft of property. Specifically, Defendant argues that the evidence did not show that he intended to deprive the owner of the property or that he knowingly obtained or exercised control over the property without the owner's consent. The State responds that, viewed in the light most favorable to the State, there was sufficient evidence for a rational juror to convict Defendant.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

- 4 -

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a) (2017). Moreover, "it is the law in Tennessee that possession of recently stolen property, unless it is satisfactorily explained, creates a permissible inference that the person who possessed the stolen property gained possession through theft." *State v. David Roger Petty*, No. M2016-01036-CCA-R3-CD, 2017 WL 4457592, at *4 (Tenn. Crim. App. Oct. 5, 2017) (citing *State v. James*, 315 S.W.3d 440, 450 (Tenn. 2010)), *no perm. app. filed*.

Here, there was sufficient evidence for a rational juror to find the essential elements of the crime beyond a reasonable doubt. Defendant was in possession of the Jeep just five days after it was stolen. Moreover, Defendant's personal possessions, including a cooler and a shirt, were found within the Jeep. A photograph of Defendant loading groceries into the Jeep was posted to Facebook after Mr. Roberson reported the Jeep as stolen. Mr. Roberson said that he did not give Defendant consent to take and use his vehicle and that he did not even know Defendant

While Defendant explained his possession of the Jeep by claiming that a black man "dropped off" the Jeep to be "worked on," a rational juror could easily reject this explanation. First, Mr. Millican testified that he saw a white man and a little girl on his property shortly after Defendant possessed the Jeep, not a black man as Defendant claimed. Mr. Millican also testified that Defendant was "crippled" and could not work on a vehicle himself. Defendant never produced a name or contact information for the person whom he claimed "dropped off" the Jeep for repairs. Investigator Bass drove the Jeep after he confiscated it and testified that the Jeep "started fine," "was operable," and was not making any noises, "jerking," or doing anything unusual. The jury was free to reject Defendant's explanation and to infer that Defendant had "gained possession" of the recently stolen vehicle "through theft" or that he "had knowledge that the property had been stolen." *James*, 315 S.W.3d at 440. Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder, and this court will not reweigh the evidence. *Bland*, 958 S.W.2d at 659. Defendant is not entitled to relief.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -