IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 15, 2008

## STATE OF TENNESSEE v. BOBBY GENE WALKER, JR.

**Direct Appeal from the Circuit Court for Blount County**
**No. C-15574      Michael H. Meares, Judge**

—————————————

**No. E2007-02784-CCA-R3-CD - Filed December 19, 2008**

—————————————

The defendant, Bobby Gene Walker, Jr., appeals his conviction for second offense DUI.  The defendant claims there was insufficient evidence presented to the jury to sustain a verdict of guilt beyond a reasonable doubt.  After complete review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, and Raymond Mack Garner, District Public Defender, for the appellant, Bobby Gene Walker, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth T. Ryan, Associate Deputy Attorney General; Michael L. Flynn, District Attorney General; and Andrew Watts, Assistant District Attorney General, Bobby Gene Walker, Jr.

**OPINION**

The charges in this case arose after a Blount County Sheriff's deputy was dispatched to investigate a possible accident and came upon the defendant walking on the roadway at approximately 3:10 in the morning.  At trial, the State called the arresting officer, Deputy Tim Wilson, and the defendant testified on his own behalf.  Deputy Wilson stated that he picked the defendant up, walking along the road approximately seventy-five yards from the accident.  The defendant voluntarily returned to the accident scene with the deputy and admitted that he was the owner of the black 2003 Ford Mustang and that he was driving when it left the road after hitting a "slick spot."  Deputy Wilson noticed a smell of alcohol emanating from the defendant and observed that the defendant had bloodshot eyes and slurred speech and was unsteady on his feet.  Deputy Wilson asked the defendant to submit to field sobriety tests, which he failed, in the opinion of the deputy. Deputy Wilson stated that the defendant could not do the "one legged stand" test at all, and, when he attempted the "walk and turn" test, he failed by swaying, raising his arms, stepping off the line, losing balance, and moving before he was told.  Deputy Wilson explained the implied consent

law to the defendant, and the defendant refused to submit to a blood test. Deputy Wilson, a sixteen-year veteran and certified instructor of DUI investigations, opined that the defendant was "extremely intoxicated."

The defendant testified on his own behalf and stated he was on his way from his home to the EZ Stop Market to purchase "drinks and things." He stated he had not been drinking or taking any prescription medication. According to the defendant, a small animal ran in front of his car and when he tried to avoid hitting it, his car "fish-tailed" and went off the side of the road where it traveled up the embankment before coming to a stop. The defendant believed that he passed the field sobriety tests. He denied ever being given an opportunity to take a blood test and stated he would have done so. Basically, the defendant opined that the deputy was a "liar" and that there was no basis for his arrest.

The defendant's sole argument is that the evidence submitted by the State, even if accurate, was not conclusive proof of intoxication as opposed to some other explanation, *i.e.*, the car wreck. A defendant challenging the sufficiency of the proof has the burden of illustrating why the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). We review the evidence in the light most favorable to the prosecution to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh or reevaluate the evidence but afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Evaluation of witnesses' credibility, the weight and value to be given to the evidence, and resolution of factual issues raised by the evidence is left to the trier of fact. *Id.* at 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the State's witnesses, and a presumption of guilt replaces the presumption of innocence. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

In the instant case, the defendant testified that he had not been drinking nor had he taken medication; that his car did not hit anything; that the officer was a "liar"; and there was no reason for his arrest. However, the deputy testified the defendant smelled of alcohol, had bloodshot eyes, was unsteady on his feet, failed the field sobriety test, and was, in his opinion, "extremely intoxicated." The jury was free to believe the testimony of either witness, and, based upon their verdict, they accredited the testimony of the deputy, which is their prerogative. *See Cabbage*, 571 S.W.2d at 835. It is not the function of this court to reevaluate a jury's credibility determinations. Based upon the deputy's testimony, we conclude the evidence is more than sufficient to support the verdict.

Conclusion

Sufficient evidence exists upon this record to support the verdict of guilt beyond a reasonable doubt. The judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE