# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. MICHAEL CLARK

**Direct Appeal from the Criminal Court for Shelby County**
**No. 07-04686     Chris Craft, Judge**

**No. W2009-01649-CCA-R3-CD  - Filed January 21, 2011**

The defendant, Michael Clark, was convicted of attempted second degree murder, a Class B felony.  He was sentenced to twenty years in the Tennessee Department of Correction as a multiple offender.  On appeal, he argues that the evidence was insufficient to support his conviction and that the trial court erred in allowing evidence to be presented concerning his prior conviction for aggravated assault.  After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Joseph A. McClusky and Massey McClusky (on appeal) and Jeff Woods (at trial), Memphis, Tennessee, for the appellant, Michael Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was initially charged on June 28, 2007, with second degree murder and attempted second degree murder in a two-count indictment.  The first count charged the defendant with the killing of a victim named Antonio Redmond.  The second count alleged that the defendant attempted to kill a second victim named Marcus Hall.

At trial, the second victim testified that he was riding with the decedent when they went to the defendant's mother's home to retrieve some of his clothes.  The second victim

and the defendant's sister were ending a dating relationship. This victim went to the door while the decedent remained in the car. The defendant's mother refused to give the clothes to this victim, and the two argued. The second victim testified that he abandoned the argument and that he and the decedent began to leave. The defendant approached the car and fired four or five shots into the vehicle. The defendant shot the second victim in the back. They sped away only to crash when the decedent lost control of the vehicle. The second victim identified the defendant as the shooter. A ten-year-old neighbor also testified that he saw the defendant shoot at two men in the car after the men had argued for approximately three minutes.

The defendant's mother, who testified on the defendant's behalf, said that she heard shots fired but did not know who shot. She did not know her son had a gun and did not see anyone else with a gun. The defendant also testified on his own behalf. He testified that he saw two men arguing with his mother in front of his house. He argued with the men in the car and saw what he believed to be a flash of light from the car's passenger side. He did not see a gun but pulled his own gun and fired two times as the car pulled away. He said he was frightened and that he ran. He testified that he began carrying a gun after he ended his affiliation with the Gangster Disciples, and he admitted shooting the two victims.

Following a multiple day trial, the jury deliberated for two hours before asking for guidance in deliberations. Ultimately, the trial court declared a mistrial as to Count One, the killing of Antonio Redmond, because the jury could not agree on a verdict adn was hopelessly deadlocked. The jury convicted the defendant of the attempted second degree murder of Marcus Hall in Count Two. On April 8, 2009, the defendant was sentenced to twenty years of confinement as a multiple offender. On April 14, 2009, the defendant filed a motion for new trial, which was denied on July 1, 2009. This timely appeal followed.

Analysis

On appeal, the defendant argues that the evidence was insufficient to support his conviction for attempted second degree murder. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial

evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

The defendant was charged with attempted second degree murder. Tennessee Code Annotated section 39-13-210 defines second degree murder as the knowing killing of another. A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

(1)     Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;

(2)     Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3)     Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

T.C.A. § 39-12-101.

Tennessee Code Annotated section 39-11-611(b)(2) allows for an affirmative defense of self-defense when a person in engaged in a situation where he reasonably believes there is a danger of death or serious bodily injury.

A person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force intended or likely to cause death or serious bodily injury, if:

(A)     The person has a reasonable belief that there is an imminent danger of death or serious bodily injury;

(B)     The danger creating the belief of imminent death or serious bodily injury is real, or honestly believed to be real at the time; and

(C)     The belief of danger is founded upon reasonable grounds.

T.C.A. § 39-11-611.

Whether a defendant acted in self-defense is for the jury to decide. *State v. Ivy*, 868 S.W.2d 724, 727 (Tenn. Crim. App. 1993). When the defendant's proof raises the defense, it does not render the State's evidence insufficient but presents a question of fact rightfully left in the hands of the jury. *State v. McCray*, 512 S.W.2d 263, 265 (Tenn. 1974). The jury is free to reject the self-defense claim. *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

The record reflects that the defendant admitted shooting both victims at close range. The victim who survived testified that the defendant fired the weapon that injured him and killed his friend. He testified that neither he nor the decedent was armed and that the defendant said nothing before pulling a pistol and firing four or five times. The only weapon at the scene was the defendant's handgun, and the only projectiles recovered from the scene were consistent with the defendant's handgun. The bullet that entered the deceased victim's chest was consistent with the defendant's handgun. The defendant contends that he fired in self-defense, but the jury determined that he had no reason to fear imminent serious bodily injury or death. The jury also determined that the victim was more credible than the defendant. The evidence was sufficient to support the defendant's convictions. The defendant drew his weapon and fired multiple shots into a car carrying two people. Second degree murder is the knowing killing of another. The defendant's actions were sufficient to support a finding that he committed the offense of attempted second degree murder.

Next, the defendant argues that, during cross-examination, the State improperly introduced evidence of his prior conviction. The State may use a prior adult conviction to impeach the testimony of an accused in a criminal prosecution if: (a) the conviction was for a crime that is punishable by death or imprisonment in excess of one year or a misdemeanor involving dishonesty or false statement; (b) less than ten years has elapsed between the date

-4-

the accused was released from confinement and the commencement of the prosecution; (c) the State gives reasonable written notice of the particular conviction or convictions it intends to use to impeach the accused prior to trial; and (d) the trial court finds that the probative value of the felony or misdemeanor on the issue of credibility outweighs its unfair prejudicial effect on the substantive issues. Tenn. R. Evid. 609; s*ee State v. Mixon*, 983 S.W.2d 661, 674 (Tenn. 1999). On appellate review, the trial court's rulings on the admissibility of prior convictions for impeachment purposes are subject to reversal only for abuse of discretion. *State v. Thompson*, 36 S.W.3d 102, 110 (Tenn. Crim. App. 2000). An accused may place his character at issue by his testimony, thereby allowing the State to cross-examine using specific instances of conduct. Tenn. R. Evid. 404(a)(1); *State v. West*, 844 S.W.2d 144, 149 (Tenn. 1992). The trial court is charged to exercise its discretion by weighing the probative effect of the prior convictions against any danger of unfair prejudice. *State v. Blevins*, 968 S.W.2d 888, 892 (Tenn. Crim. App. 1997).

The defendant testified that he carried a gun because of his prior gang history but denied that he had personally participated in violence. The State argues, and we agree, that this testimony placed his allegedly nonviolent character as an issue before the jury. Therefore, the State was free to introduce his prior conviction for aggravated assault. The trial court conducted a bench conference and determined that the prior conviction was probative of credibility and not outweighed by any prejudice that it caused the defendant. The trial court also provided the jury with a curative instruction to refrain from using the prior conviction as evidence of guilt. We conclude that no reversible error occurred.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE