IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 5, 2019

### STATE OF TENNESSEE v. MANDON ROGERS

**Appeal from the Criminal Court for Shelby County**
**No. 16-03214    Lee V. Coffee, Judge**

_____

### No. W2018-01599-CCA-R3-CD

_____

Mandon Rogers, Defendant, was convicted of attempted first degree murder (resulting in serious bodily injury), employing a firearm during the commission of a dangerous felony, and possession of a firearm by a convicted felon. Defendant claims the evidence was insufficient to show that he intended to kill the victim or that the victim suffered serious bodily injury and that, if the attempted murder conviction is reversed, his conviction for employing a firearm during the commission of a dangerous felony should also be reversed. After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephen C. Bush, District Public Defender; and Tony N. Brayton, Assistant District Public Defender, Memphis, Tennessee, for the appellant, Mandon Rogers.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ann Schiller, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Procedural History

The Shelby County Grand Jury indicted Defendant on one count of aggravated assault. A superseding indictment issued, charging Defendant with one count of

attempted first degree murder (resulting in serious bodily injury), one count of employing a firearm during the commission of a dangerous felony, and one count of possessing a firearm after being convicted of a felony.

Following a jury trial, Defendant was convicted as charged and sentenced to forty years for attempted murder with release eligibility after service of eighty-five percent of the sentence, fifteen years for employing a firearm during the commission of a dangerous felony with release eligibility after service of 100% of the sentence, and fifteen years for possession of a firearm by a convicted felon with release eligibility after service of forty-five percent of the sentence. The sentences for the weapon offenses were run concurrently to each other but consecutively to the attempted murder sentence, for an effective sentence of fifty-five years.

### *Summary of Testimony and Evidence*

Defendant and Tarkie Brown had known each other for over twenty years. According to Mr. Brown, they lived across the street from each other, were friends, and "hung out all the time." On September 27, 2014, the two men attended a party. They were intoxicated when they returned to Mr. Brown's house. Mr. Brown told Defendant to leave because he wanted to go to bed. As Defendant was leaving, he punched Mr. Brown in the jaw and ran. Mr. Brown pursued Defendant but could not catch him. He "tricked" Defendant by telling him that everything was okay, and when Defendant came back to the house, Mr. Brown punched Defendant in the face, knocking him to the ground.

The next day, Defendant packed an overnight bag and told his landlord that he was waiting for his cousins to pick him up to go to a football game. He waited on the porch from approximately five p.m. until Mr. Brown returned home from work around seven p.m. When Mr. Brown saw Defendant walking towards his house from across the street, he thought Defendant was coming to apologize. Defendant walked up to Mr. Brown and said, "You know you should have killed me." Defendant then pulled a bag from behind his back that concealed a revolver and fired at Mr. Brown. The first shot missed, but Defendant fired two more times, and the third shot hit Mr. Brown in the leg. Mr. Brown fell to the ground but got up and tried to run. Defendant fired two more shots, and one round struck Mr. Brown in the hip. Mr. Brown fell again and yelled, "Don't kill me." A female neighbor yelled, "Mandon, no," and Defendant fled. When the police arrived, Mr. Brown was lying on a driveway with a towel covering the wound to his leg. He was transported to the hospital in critical condition. Mr. Brown had two surgeries and remained hospitalized for a week. The second round that hit Mr. Brown chipped or shattered his pelvis. After undergoing months of physical therapy, Mr. Brown was left with a permanent limp. Mr. Brown was unable to work for approximately one month.

Defendant turned himself in to the police. He told the investigator that Mr. Brown had beaten him up and that the incident "weighed on him." He said he walked up to Mr. Brown and shot him. The parties stipulated that Defendant had been previously convicted of two felonies involving the use of violence. Defendant presented no other proof. Following deliberations, the jury convicted Defendant as charged.

Defendant filed a timely motion for new trial, which the trial court denied. Defendant now timely appeals.

## *ANALYSIS*

Defendant claims that the evidence was insufficient to sustain a conviction of attempted first degree murder and that, if the attempted murder conviction is reversed, his conviction for employing a firearm during the commission of a dangerous felony should also be reversed.

### *Standard of Review for Sufficiency of the Evidence*

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

**Attempted First Degree Murder (where the Victim Suffers Serious Bodily Injury)**

As relevant here, first degree murder is "[a] premeditated and intentional killing of another[.]" Tenn. Code Ann. § 39-13-202(a)(1) (2014). "A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense[] . . . [a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." Tenn. Code Ann. § 39-12-101(a)(3) (2014). A person acts intentionally "when it is the person's conscious objective or desire to engage in the conduct or cause the result." Tenn. Code Ann. § 39-11-302(a) (2014). Premeditation "is an act done after the exercise of reflection and judgment. 'Premeditation' means that the intent to kill must have been formed prior to the act itself. It is not necessary that the purpose to kill pre-exist in the mind of the accused for any definite period of time." Tenn. Code Ann. § 39-13-202(d) (2014). Additionally, "[t]he mental state of the accused at the time the accused allegedly decided to kill must be carefully considered in order to determine whether the accused was sufficiently free from excitement and passion as to be capable of premeditation." *Id.* Premeditation "may be established by proof of the circumstances surrounding the killing." *State v. Suttles*, 30 S.W.3d 252, 261 (Tenn. 2000). Moreover, there are several factors which tend to support the existence of premeditation, including the use of a deadly weapon upon an unarmed victim, the fact that the killing was particularly cruel, declarations of an intent to kill by the defendant, evidence of procurement of a weapon, the making of preparations before the killing for the purpose of concealing the crime, and calmness immediately after the killing. *Id.* "Whether premeditation is present in a given case is a question of fact to be determined by the jury from all of the circumstances surrounding the killing." *State v. Davidson*, 121 S.W.3d 600, 614 (Tenn. 2003) (citing *Suttles*, 30 S.W.3d at 261; *State v. Pike*, 978 S.W.2d 904, 914 (Tenn. 1998)).

The jury was properly instructed that attempt meant

that [D]efendant did some act intending to complete a course of action or cause a result that would constitute First Degree Murder under the circumstances, as [D]efendant believed them to be at the time, and his actions constituted a substantial step toward the commission of First Degree Murder. [D]efendant's actions do not constitute a substantial step unless [D]efendant's entire course of action clearly shows his intent to commit First Degree Murder[.]

Defendant first claims that the evidence was insufficient to show that he intended to commit premeditated first degree murder. The evidence at trial established that Defendant and the victim had been involved in a physical altercation that still "weighed

on" Defendant, that Defendant packed an overnight bag and told his landlord that he was going to a football game with his cousins, that he waited for approximately two hours for the victim to return home from work, that he walked across the street to within a few feet of the victim, that he told the victim, "You know you should have killed me," and that he pulled a bag concealing a revolver from behind his back and fired five times at the victim. Two bullets struck the victim, one in his leg and the second in his hip. This evidence was sufficient for the jury to find that Defendant acted with premeditated intent to kill the victim and that Defendant's actions constituted a substantial step toward the commission of premediated murder.

## *CONCLUSION*

Defendant has failed to show that the evidence was insufficient to sustain the conviction for attempted first degree murder involving serious bodily injury. The judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE