IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 7, 2026

**STATE OF TENNESSEE v. RANDY JACKSON**

**Appeal from the Circuit Court for Hardeman County**
**No. 2025-CR-7      J. Weber McCraw, Judge**

_____

**No. W2025-01212-CCA-R3-CD**

_____

A Hardeman County jury convicted the defendant, Randy Jackson, of indecent exposure in a penal institution, for which he received six years in confinement at 60%. On appeal, the defendant contends the evidence presented at trial was insufficient to support his conviction. After reviewing the record and considering the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and MATTHEW J. WILSON, JJ., joined.

Bo Burk, District Public Defender and Matthew C. Edwards, Assistant Public Defender, for the appellant, Randy Jackson.

Jonathan Skrmetti, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Mark Davidson, District Attorney General; and Joe Van Dyke and Falen Chandler, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On September 16, 2024, Sergeant Stephanie Jones was performing a routine security check at Whiteville Correctional Facility. Upon entering the all-male pod, Sergeant Jones loudly announced her presence and knocked on each cell door to ensure "all doors [were] secure and all of [the] inmates [were] alive." When Sergeant Jones arrived at the defendant's cell, the second cell in her rotation, the defendant had "his penis out." Sergeant

Jones instructed the defendant, who arrived at the prison approximately a week prior to the incident, to "put [his penis] away." Instead, the defendant walked to the cell door and "put his penis in the food flap." Sergeant Jones resumed her security checks but later returned to the defendant's cell and informed him that he "cannot do [that] type of thing. You can get in trouble." The defendant never spoke to Sergeant Jones during their interaction, which left her feeling embarrassed. Sergeant Jones testified that she was aware of inmates putting up coverings in their cells for privacy, including for masturbation. However, the defendant was not trying to conceal himself in any way.

The defendant declined to present evidence. Following deliberations, the jury convicted the defendant of indecent exposure in a penal institution, and the trial court imposed a sentence of six years in confinement at 60% to be served consecutively to his prior sentence in Shelby County Docket No. 1302387. The defendant filed a motion for new trial which the trial court denied. This timely appeal followed.

## *Analysis*

The defendant's sole issue on appeal is the sufficiency of the evidence to support his indecent exposure in a penal institution conviction. The State contends the evidence is sufficient. We agree.

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans*, 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson*, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the following rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus, the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human

atmosphere, and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

A person commits the offense of indecent exposure in a penal institution who "with the intent to abuse, torment, harass or embarrass a guard or staff member . . . [i]intentionally exposes the person's genital or buttocks to the guard or staff member[.]" Tenn. Code Ann. § 39-13-511(c)(1)(A). "'Guard' means any sheriff, jailer, guard, correctional officer, or other authorized personnel charged with the custody of the person[.]" *Id.* at § 39-13-511(c)(2)(A). "'Penal institution' includes any institution or facility used to house or detail a person . . . convicted of a crime." *Id.* at § 39-16-601(4).

Here, the defendant does not dispute that he was housed in a penal institution or that he exposed himself to Sergeant Jones. Instead, the defendant argues the State failed to establish that the defendant "intended to abuse, torment, harass, or embarrass [Sergeant] Jones." The State contends the evidence was sufficient to support the jury's determination, and we agree.

In the light most favorable to the State, the evidence shows that Sergeant Jones entered the defendant's pod to perform a routine security check and loudly announced her presence to the inmates prior to approaching their cells. When Sergeant Jones neared the defendant's cell, she observed his exposed penis and instructed the defendant to "put [his penis] away." The defendant, who did not speak, walked to the cell door and "put his penis in the food flap." Sergeant Jones testified the situation was "kind of embarrassing." Despite the inmates routinely covering the windows in their cell for privacy, the defendant did not attempt to conceal himself in any way. Rather, the defendant, who had been instructed to stop, not only disregarded Sergeant Jones' instruction but moved closer to her and placed his penis in the "food flap." Viewed in a light most favorable to the State, the defendant's actions were clearly intended to harass or embarrass Sergeant Jones. Based on this evidence, a rational jury could find indecent exposure in a penal institution beyond a reasonable doubt. Accordingly, the defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_S/_ _J. ROSS DYER_

J. ROSS DYER, JUDGE